# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DEMAR LEWIS GARVIN,

                Petitioner,                Case Number: 06-cv-15401
                                                  Honorable Marianne O. Battani

v.

MILLICENT D. WARREN,

                Respondent.

_____/

## OPINION AND ORDER HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

### I.

Before the Court is Petitioner Demar Lewis Garvin's motion asking this Court to hold his petition for writ of habeas corpus in abeyance until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. Petitioner, acting in *pro per*, filed his petition for a writ of habeas corpus on December 6, 2006. He is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, pursuant to a conviction for delivering, or possessing with the intent to deliver, 650 or more grams of a controlled substance in violation of MICH. COMP. LAWS 750.157a. Petitioner has failed to exhaust his state court remedies with respect to the following claims: (1) the prosecutor withheld evidence which demonstrated that some witnesses perjured themselves before the jury; (2) the prosecutor committed fraud upon the trial court by intentionally eliciting testimonial evidence to corroborate its case against the Petitioner; (3) Petitioner was denied his Sixth Amendment right to the effective assistance of trial and appellate counsel; and (4) there is newly discovered evidence establishing Petitioner's actual

Dockets.Justia.com

innocence for the crime charged. Because Petitioner failed to exhaust his state court remedies regarding those claims, the Court shall hold the petition in abeyance so that Petitioner may return to state court to exhaust those claims.

## II.

Following a joint trial with a single jury in Oakland County Circuit Court, Petitioner was convicted of delivering, or possessing with the intent to deliver, 650 or more grams of a controlled substance in violation of MICH. COMP. LAWS 750.157a. On February 10, 2003, he was sentenced to serve thirty to sixty years imprisonment.

Petitioner, through appointed counsel, filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

I.  Defendant's constitutional rights to a fair trial were violated when inadmissible evidence of dog fighting was admitted during a grand jury proceeding and evidence regarding his co-defendant's criminal acts was improperly admitted at trial.

II.  Defendant was denied his constitutional right to a fair trial when the trial court improperly admitted prior bad-acts evidence.

III.  Defendant was denied a fair trial where he was convicted of conspiracy in the absence of proof beyond a reasonable doubt that he was culpable of conspiracy.

IV.  Defendant was denied a fair trial when the trial court improperly instructed the jury on the law concerning conspiracy.

V.  Defendant was denied a fair trial when the trial court improperly admitted drug-profile evidence against him.

VI.  Defendant's due process rights were violated when he was sentenced by a judge who did not preside over his trial.

On December 14, 2004, the Michigan Court of Appeals, in an unpublished *per curiam*

2

opinion affirmed Petitioner's conviction and sentence. *People v. Garvin*, No. 248954 (Mich. Ct. App. Dec. 14, 2004).

Subsequently, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Garvin*, No. 127859 (Mich. Sept. 28, 2005). Petitioner has not filed any state court motions.

Petitioner has now filed the pending petition for a writ of habeas corpus, presenting the same claims as presented to the Michigan Court of Appeals, and would add the above-stated additional claims to his petition, if the Court permits him to return to state court to exhaust those claims and those claims were therefore exhausted.

### III.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present

each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether those claims have merit.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas corpus petition in abeyance pending exhaustion,

rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. It appears that his proposed additional claims have not been exhausted in the state courts and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Here, the Michigan Supreme Court denied Petitioner's application for leave to appeal on September 28, 2005. Petitioner then had ninety days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about December 28, 2005–ninety days after the

Michigan Supreme Court denied leave to appeal. Petitioner signed the instant petition on December 6, 2006. Thus, he has approximately two weeks remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Additionally, the claims that Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Further, Petitioner may assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

Thus, the Court shall hold the petition in abeyance until Petitioner has exhausted available state court remedies. *See Palmer*, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *Id*. Petitioner must present his claim in state court within sixty days from the date of this Order. *Id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *Id.*; *Abela v. Martin,* 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not

met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

## IV.

Accordingly, **IT IS ORDERED** that further proceedings in this case are held in abeyance pending exhaustion of state court remedies. The case shall be held in abeyance provided that (i) Petitioner presents his unexhausted claims to the state court within sixty days from the date of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty days of exhausting state court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.


s/Marianne O. Battani
Marianne O. Battani
United States District Judge

Date: December 14, 2006


## CERTIFICATE OF SERVICE

I hereby certify that a copy of this order was served upon the parties in the above captioned case by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Deputy Clerk

7